IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN WINCHESTER,<br><br>      Plaintiff,<br><br>v.<br><br>RYDER INTEGRATED LOGISTICS, INC.<br><br>      Defendant. | Case No. 19-CV-01356-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss Plaintiff Ryan Winchester's First Amended Complaint filed by Defendant Ryder Integrated Logistics, Inc. ("Ryder") (Doc. 14). For the reasons set forth below, the motion is granted in part and denied in part.

### FACTUAL & PROCEDURAL BACKGROUND

Prior to his employment with Ryder and FedEx Supply Chain ("FedEx"), Winchester underwent corrective surgery on his leg and ankle, but still walked with a noticeable limp (Doc. 9, p. 3).[1] Winchester told Ryder's General Manager of his disability (*Id*.). Winchester alleges he experienced discrimination while working for his former employer, Ryder, because of his disabilities (*Id*. at pp. 1-11). Winchester further alleges that Ryder terminated him in retaliation for his requests for reasonable accommodations under the Americans with Disabilities Act ("ADA") and for his requests for leave under

---

[1] According to the Complaint, Ryder acquired all of FedEx's employees working at the Effingham World Color Press facility to operate a warehouse in St. Elmo, Illinois—including Winchester (*Id*.).

the Family Medical Leave Act ("FMLA") (*Id*.). After his termination, Winchester filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC").

Winchester received a Right-to-Sue ("RTS") letter from the EEOC on September 20, 2019 (Doc. 14-1) and commenced this action on December 13, 2019 (Doc. 1). Winchester alleges two counts against Ryder under the ADA: disability discrimination (Count I) and retaliation for engaging in a protected activity (Count II) (Doc. 9, pp. 1-7). Winchester alleges two more counts against Ryder under the FMLA: interference (Count III) and retaliation for exercising or attempting to exercise his rights under the FMLA (Count IV) (*Id.* at pp. 7-9). Finally, Winchester alleges another two counts against Ryder under the Illinois Human Rights Act, 775 ILCS 5/1-101, et. seq ("IHRA"): disability discrimination (Count V) and retaliation for engaging in a protected activity, in violation of the IHRA (Count VI) (*Id.* at pp. 9-10).

Ryder timely filed a Motion to Dismiss, arguing Counts III, IV, V, and VI of the First Amended Complaint fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Doc. 14).

### LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A

plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## ANALYSIS

The FMLA entitles an eligible employee suffering from a serious health condition that renders him or her unable to perform the functions of their position up to 12 workweeks of unpaid leave during each 12–month period. 29 U.S.C. § 2612(a)(1)(D).[2] The FMLA also makes it unlawful for an employer covered by the FMLA to interfere with an employee's attempt to exercise his or her rights under the FMLA or retaliate against an employee for such exercise. 29 U.S.C. § 2615(a)(1)-(a)(2).

Ryder asserts that Winchester's claims under the FMLA are insufficiently pled because he neither alleges that he worked for at least 1,250 hours in the previous 12 month period, nor that Ryder employed 50 or more employees within a 75-mile radius during the applicable timeframe (Doc. 14, pp. 5-6). District courts in the Seventh Circuit have dismissed complaints for failure to state a claim when a plaintiff fails to allege that he or she worked 1,250 hours or more in the preceding year. *See, e.g., Elzeftawy v. Pernix Grp., Inc.*, 2020 WL 4572345, at *4 (N.D. Ill. Aug. 8, 2020) (dismissing on Rule 12(b)(6) grounds

---

[2] An eligible employee does not include "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C.A. § 2611.

because "there is nothing to suggest that [plaintiff] met the hours requirement . . . ."); *Cole v. Major Hosp.*, 2014 WL 6977296, at *4 (S.D. Ind. Dec. 5, 2014) (granting defendant's motion to dismiss pursuant to Rule 12(b)(6) because the plaintiff "omit[ted] any claim that she was eligible for relief under the FMLA at the time she requested leave"); *Bennett v. Wal–Mart Store, Inc.*, 2011 WL 1899362, at *3 (C.D. Ill. May 19, 2011) (dismissing on Rule 12(b)(6) grounds a complaint that did not allege plaintiff worked 1,250 hours or more in the preceding year); *Blidy v. Examination Management Services, Inc.*, 1996 WL 568786, at *3 (N.D. Ill. Oct. 2, 1996) (noting that while plaintiff alleges that he has worked at his employer for more than 12 months, he fails to allege that he worked 1,250 hours or more in the year before the questionable leave "[a]s such, he has failed to allege that he is an eligible employee, and his claim does not present a case under FMLA").

District courts in the Seventh Circuit have also dismissed complaints for failure to state a claim when a plaintiff fails to allege that the defendant employed 50 or more employees within a 75-mile radius during the applicable timeframe. *See e.g., Gilliam v. Joint Logistics Managers, Inc.*, 2017 WL 758459, at *3 (C.D. Ill. Feb. 27, 2017) (holding that because the plaintiff did not allege that defendant employed the "required number of people at or near its [ ] site, or that he worked the requisite number of hours in the year preceding his termination, his claims, whether for interference or retaliation under the FMLA, must be dismissed"); *Thurston v. Borden Waste–Away Service, Inc.*, 1998 WL 456441, at * 14 (N.D. Ind. May 19, 1998) (finding the plaintiff failed to allege the defendant was an "employer" within the meaning of the FMLA because the complaint indicated nothing about the

number of employees who were employed for each workday during the statutory period).

Most of these decisions, however, cite to Seventh Circuit cases which addressed motions for summary judgment, not motions to dismiss. "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson*, 910 F.2d at 1520 (quoting *Triad Assocs., Inc. v. Chicago Hous. Authority*, 892 F.2d 583, 586 (7th Cir.1989)). In *Elzeftawy*, the court noted that "[t]o *state* any claim under the FMLA, a plaintiff must be eligible for FMLA protection in the first place." *Elzeftawy*, 2020 WL 4572345 at *4 (emphasis added). *Elzeftway* cites to *Pagel v. TIN Inc.*, 695 F.3d 622 (7th Cir. 2012), but the Seventh Circuit did not lay out what is required to *state* a claim under the FMLA in *Pagel*. Rather the Court explained, "[t]o *prevail* on an FMLA-interference theory, the plaintiff employee must *prove* that '(1) she was eligible for the FMLA's protections; . . . .'" *Pagel*, 695 F.3d at 627 (emphasis added) (quoting *Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 825 (7th Cir.2011) (quoting *Goelzer v. Sheboygan Cnty., Wis.*, 604 F.3d 987, 993 (7th Cir.2010)).[3] The Court did not lay out what is required to *state* a claim under the FMLA because the Court was not addressing a motion to dismiss, but addressed a motion for summary judgment.

In *Bennett*, the court noted that "[t]o *prevail* on an FMLA interference claim, [p]laintiff must *establish*: (1) he was eligible for the FMLA's protections . . . ." *Bennett*, 2011

---

[3] Neither *Makowski* nor *Goelzer* acknowledges that to *state* any claim under the FMLA, a plaintiff must be eligible for FMLA protection. *See Makowski*, 662 F.3d at 825, ("[t]o *prevail* on an FMLA interference claim . . . .") (emphasis added); *see also Goelzer*, 604 F. 3d at 993 ("[t]o *establish* such a claim, an employee *must show* . . . .") (emphasis added). Notably, the Court in *Goelzer* and *Makowski* addressed motions for summary judgment, not motions to dismiss.

WL 1899362, at *3 (emphasis added). But *Bennett* cites to *Caskey v. Colgate-Palmolive Co.*, 535 F.3d 585 (7th Cir. 2008), *Burnett v. LFW Inc.*, 472 F.3d 471 (7th Cir. 2006), *Daugherty v. Wabash Ctr., Inc.*, 577 F.3d 747 (7th Cir. 2009), and *Long v. Teachers' Ret. Sys. of Ill.*, 585 F.3d 344 (7th Cir. 2009)—all four cases were decided on summary judgment.

The court in *Cole* recognized "[t]o properly *allege* a FMLA-interference claim, a plaintiff must *allege* the following elements . . . ." *Cole*, 2014 WL 6977296, at *4 (emphasis added). *Cole* cites to *Burnett*, 472 F.3d at 477, but in *Burnett* the Seventh Circuit did not lay out what is required to *allege* a claim under the FMLA. Instead, in *Burnett*, the Court explained:

> To *prevail* on an FMLA interference claim, an employee need only *show* that his employer deprived him of an FMLA entitlement; no finding of ill intent is required. [ ] Accordingly, the employee must *establish* that: (1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled.

*Id.* at 477 (emphasis added) (citing *Hoge v. Honda Am. Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir.2004)). The court in *Cole* recognized that *Burnett* was decided on summary judgment, but explained without citing to Seventh Circuit precedent or binding authority that "the Seventh Circuit's enumeration of the essential elements necessary to establish a claim under the FMLA extends to a motion to dismiss as well." *Cole*, 2014 WL 6977296, at *4 n.4. The other discovered district court cases which required detailed factual allegations of a plaintiff's eligibility for FMLA—*Gilliam*, 2017 WL 758459 and *Thurston*, 1998 WL 456441— rely on *Blidy*, 1996 WL 568786, a twenty-four-year-old case from the Northern District of Illinois.

On the other hand, district courts in the Seventh Circuit have denied motions to dismiss even when a plaintiff fails to allege that he or she worked 1,250 hours or more in the preceding year. *See e.g., Wallace v. Fisher & Ludlow, Inc.*, 2013 WL 5291785, at *3 (S.D. Ill. Sept. 19, 2013) (denying defendant's motion to dismiss for judgment on the pleadings though plaintiff did not specifically allege that he worked 1,250 hours in the 12 months preceding leave); *Jones v. Maywood Melrose Park Broadview Sch. Dist. 89*, 2017 WL 2936709, at *3 (N.D. Ill. July 10, 2017) (noting that defendants' arguments regarding the lack of allegations for requisite hours of service "fail[ ] because [p]laintiff alleges that he was entitled to, applied for, and was approved for FMLA leave"); *McGee v. City of Chicago*, 2011 WL 4382484 at *6 (N.D. Ill. Sept. 16, 2011) (denying defendant's motion to dismiss pursuant to Rule 12(b)(6) though plaintiff failed to allege in her complaint that she worked at least 1,250 hours for defendant in the 12 months preceding her FMLA request); *Segura v. TLC Learning Ctr.*, 2013 WL 1283827, at *2 (N.D. Ill. Mar. 26, 2013) (same).

Also, several district courts in the Seventh Circuit have denied motions to dismiss even when a plaintiff fails to allege that the defendant employed 50 or more employees within a 75-mile radius during the applicable timeframe. *See e.g., Sando v. Wood River Pharmacy, Inc.*, 2018 WL 2390119, at *2 (W.D. Wis. May 25, 2018) (denying defendant's motion to dismiss plaintiff's FMLA claim although plaintiff did not provide specific allegations about defendant's number of employees); *See* Order of Denial, *Goldsberry v. A Caring Touch of McLean Cty., Inc.*, No. 114-CV-01134 JES JEH, (C.D. Ill. June 11, 2014) (denying defendant's motion to dismiss pursuant to Rule 12(b)(6) because "the issues

raised are better presented and resolved in the context of a summary judgment motion after discovery initially limited to this threshold issue of whether Defendants are an 'employer' within the meaning of the FMLA"); *Collins v. Midwest Med. Records Ass'n*, 2007 WL 7166826, at *2 (E.D. Wis. Oct. 5, 2007) (declining to grant defendant's motion to dismiss pursuant to Rule 12(b)(1) where plaintiff alleged only the defendant employed 50 or more employees, but not that the employees were within 75 miles of plaintiff's worksite).

The Seventh Circuit has repeatedly reminded courts and counsel that district court opinions have no precedential value. *See, e.g., Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457–58 (7th Cir. 2005). Rather than rely on district court cases for their precedential value, the Court acknowledges the district court cases that better address the federal notice pleading standard and the difference between motions to dismiss and motions for summary judgment. Although Winchester neither alleges he worked at least 1,250 hours for Ryder in the 12 months preceding his FMLA request nor facts that Ryder employs the requisite number of employees, "[a] [p]laintiff['s] pleading burden should be commensurate with the amount of information available to [her]." *Olson v. Champaign Cnty., Ill.*, 784 F.3d 1093, 1100 (7th Cir. 2015) (quoting *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010)). "It is unreasonable to require plaintiffs to plead . . . with more particularity when they have no knowledge of the specific [facts] and can learn of them only through discovery." *Id.* Indeed, the federal notice pleading standard requires only that a complaint give a "short and plain statement showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

The Court will not require such specific allegations of eligibility. Winchester alleges that he worked in his position for years prior to the events that gave rise to his complaint. (Doc. 9, p. 3). Winchester also alleges that he was an eligible employee and entitled to FMLA leave (*Id*. at pp. 5-8). Ryder is in a position to determine whether Winchester worked the requisite amount of hours, and if Ryder determines Winchester has not worked the requisite amount of hours, Ryder may make the appropriate motion to dispose of these claims at the appropriate time. *See McGee*, 2011 WL 4382484, at *6 (noting that the defendant is in a position to determine whether plaintiff worked the requisite amount of hours, and "[i]f the [defendant] has such proof, they may make the appropriate motion to dispose of these claims at the appropriate time"). Moreover, Ryder does not suggest that Winchester would have any way to determine without discovery exactly how many employees Ryder has, so the Court declines to require Winchester to plead with more specificity. *See Sando*, 2018 WL 2390119, at *3 (acknowledging that "[i]f [defendant] believes that [plaintiff] cannot prove her FMLA eligibility with admissible evidence, it is free to raise the issue again in a motion for summary judgment").

Ryder also contends that Winchester has failed to allege the necessary facts to support the allegations that Ryder was FedEx's successor in interest. This Court disagrees. According to Winchester, Ryder "acquired all [FedEx] employees working at the Effingham World Color Press facility, including Plaintiff." (Doc. 9, p. 3). Winchester then alleges that Ryder was FedEx's successor in interest (*Id.* at p. 5). The Federal Rules of Civil Procedure do not require the additional burden Ryder asks the Court to impose upon

Winchester. *See Crowe v. Strong Built, Inc.*, 2012 WL 3733547, at *3 (S.D. Ill. Aug. 28, 2012) (denying defendant's motion to dismiss on the fact that plaintiff failed to allege any facts that support plaintiff's successor in interest theory and referring to Federal Rule of Civil Procedure 8(a)(2)).

Finally, Winchester did not oppose Ryder's Motion to Dismiss Counts V and VI of the First Amended Complaint regarding the alleged violations of the IHRA (Doc. 18). Pursuant to Local Rule 7.1(c), a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." Thus, the Court deems Winchester's failure to respond and oppose Ryder's Motion to Dismiss Counts V and VI as an admission of the merits of the motion filed by Defendants. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

## Conclusion

For these reasons, the Motion to Dismiss filed by Defendant Ryder (Doc. 14) is **GRANTED in part** and **DENIED in part**. The motion is **DENIED** as to Counts III and IV. The motion is **GRANTED** as to Counts V and VI, which are **DISMISSED with prejudice** for failure to state a claim. The action will proceed on Winchester's claims of violations of the ADA and FMLA (Counts I through IV).

**IT IS SO ORDERED.**

**DATED:** August 18, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**